ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| HEYWARD ROBBINS, | ) | CV412-225 |
| | ) | |
| Plaintiff – Relator, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| BRINGING THIS ACTION ON | ) | |
| BEHALF OF HIMSELF AND THE | ) | COMPLAINT FILED IN CAMERA |
| UNITED STATES OF AMERICA | ) | SEALED PURSUANT TO |
| | ) | 31 U.S.C. § 3730(b)(2) |
| c/o Edward J. Tarver | ) | |
| United States Attorney | ) | |
| Southern District of Georgia | ) | |
| 100 Bull Street | ) | |
| Savannah, Georgia 31401 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| c/o Eric H. Holder | ) | |
| Attorney General of the U.S. | ) | |
| Department of Justice | ) | |
| 950 Pennsylvania Ave., N.W. | ) | |
| Washington, D.C. 20530-0001 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONCASTERS INC., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 AUG 31  PM 5: 37
CLERK
SO. DIST. OF GA.

## COMPLAINT

Plaintiff-Relator Heyward Robbins ("Relator") hereby files this Complaint

against Defendant Doncasters, Inc., showing the Court the following:

## INTRODUCTION

1.

This is a qui tam action by Relator, for himself and on behalf of the United States, to recover damages and civil penalties arising from Defendant's actions in violating the False Claims Act, 31 U.S.C. §§ 3729-3733. As set forth below, Defendant knowingly presented or caused to be presented numerous false or fraudulent claims for payment or approval to the United States; knowingly made, used, or caused to be made or used false records or statements to get false or fraudulent claims paid or approved; and knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government. Furthermore, Defendant unlawfully discriminated against and terminated Relator in violation of 31 U.S.C. § 3730(h).

## JURISDICTION AND VENUE

2.

This action arises under the False Claims Act, 31 U.S.C. §§ 3729-3733.

3.

Jurisdiction over this action is vested in this Court by 31 U.S.C. § 3732(a),

31 U.S.C. § 3730(h), and 28 U.S.C. § 1331, in that this action arises under the laws of the United States.

4.

Venue is proper in this district under 28 U.S.C. § 1391(b) and 31 U.S.C. § 3732(a) because the Defendant transacts business in this District and one or more acts proscribed by 31 U.S.C. §§ 3729-3733 occurred here.

**PARTIES**

5.

Relator is a permanent resident and citizen of the United States of America. Relator brings this civil action for violations of 31 U.S.C. § 3730(h) and § 3730(b). Relator is a former employee of Defendant and worked in its Doncasters Effingham (DE) unit from approximately November 2004 until September 2009, when he was terminated.

6.

Defendant Doncasters, Inc. is a Connecticut corporation with its principal place of business in Farmington, Connecticut. Defendant regularly conducts business in the state of Georgia.

**FACTUAL ALLEGATIONS**

7.

3

Relator began his employment with DE in November 2004 as a production group leader. His job involved overseeing and monitoring the manufacturing of turbine blades for various engines for General Electric, Pratt & Whitney, Hamilton Sundstrand, Vericor, Chromalloy, Honeywell, and the Tiger Logistical Contract.

8.

Federal government and military entities, including but not limited to the National Guard at Ft. Riley, used the engines for which DE produced turbine blades for.

9.

The U. S. Military and the National Guard were direct customers as well as end users of the products produced by DE.

10.

In 2009, Relator became aware that various production standards of the turbine blades as required by the contract specifications were not being met, yet the blades were still being shipped to the various users. These discrepancies include, but are not limited to:

- Allowing blades that did not meet tolerance to be shipped;
- allowing blades to bypass inspection processes while falsifying paperwork to indicate inspection compliance;

4

- allowing standards to be changed so that blades would pass inspection;

- allowing blades that had failed inspection to be shipped to various government customers;

- allowing the company to proceed with sub-standard work that did not meet contract requirements;

- allowing senior Quality Control personnel to knowingly and repeatedly falsify quality verification paperwork (Detailed Inspection Plan) to the US government inspectors as well as other customer inspectors; and

- allowing DE to not have source quality control as required by the contract.

Plaintiff has personal knowledge of instances of all of the above discrepancies.

11.

Plaintiff has personal knowledge that managers at every level of the DE organization were aware of these violations. However, management chose to do nothing to correct these deficiencies and in fact knowingly shipped defective blades.

12.

Plaintiff has personal knowledge that DE made numerous false submittals to its customers, including federal government entities, stating that that the blades met contract requirements.

13.

Relator advised Doncaster, Inc. management of the deficiencies outlined above. Thereafter, he was terminated in September 2009.

## COUNT I
## FALSE CLAIMS ACT VIOLATIONS

14.

The allegations in the preceding paragraphs are incorporated by reference.

15.

Defendant violated the False Claims Act in that it:

(1) knowingly presented or caused to be presented numerous false claims for payment or approval to the United States in violation of 31 U.S.C. § 3729(a)(1);

(2) knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the Government in violation of 31 U.S.C. § 3729(a)(2);

(3) conspired to defraud the Government by getting a false or fraudulent

6

claim allowed or paid in violation of 31 U.S.C. § 3729(a)(3); and

(4) knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government.

16.

As a result of Defendant's violations of 31 U.S.C. § 3729, the United States has suffered damages in an amount to be determined at trial.

**COUNT II**
**DISCRIMINATION IN EMPLOYMENT**

17.

The allegations in the preceding paragraphs are incorporated by reference.

18.

Defendant has violated 31 U.S.C. § 3730(h) by terminating Relator's employment in retaliation for lawful acts and protected activity engaged in by Relator in furtherance of an action under the False Claims Act and other laws.

19.

Defendant's misconduct and illegal treatment of Relator as a "whistleblower" has the effect of stifling reports of fraud against the United States. This treatment effectively warned other employees of Defendant that they should not engage in honest and open reporting of Defendant's misconduct creating

7

further harm to Relator and the public.

20.

As a result of Defendant's actions, Relator has suffered damages, in an amount to be determined at trial.

WHEREFORE, Relator, on behalf of himself and the United States, prays:

(a) That the Court enter judgment against Defendant in an amount equal to three times the amount of damages the United States has sustained because of Defendant's actions, plus a civil penalty of between $5,500 and $11,000 for each violation of 31 U.S.C. § 3729;

(b) That Relator be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim if the United States intervenes, and not less than 25 percent nor more than 30 percent of the proceeds of the action or settlement of the claim if the United States does not intervene;

(c) That Relator receive from Defendant all relief necessary to make Relator whole for Defendant's violation of 31 U.S.C. § 3730(h), including reinstatement, two times the amount of back pay, interest on the back pay, compensation for

special damages, compensatory and punitive damages for pain, suffering, and physical and emotional distress to which he is entitled;

(d) That Relator be awarded all costs and expenses incurred, including reasonable attorneys' fees; and

(e) That the Court order such other relief as is appropriate.

Trial by jury is requested.

This 31st day of August, 2012.


Jack Rosenberg
State Bar No. 614475

Attorney for Relator

5425 Glenridge Drive
Suite 53
Atlanta, GA  30342
Telephone: 404-343-1091
Fax: 404-343-1497
jackrosenberg2@gmail.com